NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 909

IN RE VTECH COMMUNICATIONS, INC.
and VTECH TELECOMMUNICATIONS, LTD.,,

Petitioners.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 5:07-CV-00171, Chief Judge David Folsom.

ON PETITION FOR WRIT OF MANDAMUS

Before MICHEL, Chief Judge, LINN and PROST, Circuit Judges.

LINN, Circuit Judge.

## ORDER

VTech Communications et al. (VTech) petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its orders denying VTech's motion to transfer venue, and to direct the court to transfer the case to the United States District Court for the District of Oregon. Motorola, Inc. opposes. VTech moves for leave to file a reply with reply attached. Motorola opposes.

This petition stems from a patent infringement suit filed in the Eastern District of Texas by Motorola, a telecommunications company based in Illinois, against VTech, a company domestically headquartered in Oregon, having significant foreign operations in Hong Kong, and operating a research and development entity out of British Columbia. VTech moved the Texas court to transfer the case to the District Court for the District of Oregon pursuant to 28 U.S.C. §1404(a), which authorizes a change of venue "for the convenience of parties and witnesses, in the interest of justice."

Finding only the convenience of the witnesses factor to strongly favor transfer, the district court held that VTech had not met its burden of demonstrating that the Oregon district court was clearly more convenient. The trial court explained that transfer would waste the time, energy, and money of the parties and the judicial system because the court had become intimately familiar with the matter by completing claim construction. The court also noted that although there were some sources of proof in Oregon, there were sources of proof in Texas, Hong Kong, British Columbia and other locations. The trial court also explained that despite more witnesses residing in Oregon than Texas, the Oregon witnesses were party witnesses and could be compelled by their employer to testify at trial. VTech filed this petition seeking a writ of mandamus to vacate the trial court's order and direct that the case be transferred to Oregon.

The use of mandamus power to correct an erroneous denial of transfer has been approved under Fifth Circuit law, which applies here. See, e.g., In re Genentech, Inc., 566 F.3d 1338 (Fed. Cir. 2009); In re TS Tech USA Corp., 551 F.3d 1315 (Fed. Cir. 2008); In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 2008) (en banc) (granting mandamus and directing the district court to transfer to a clearly more convenient forum). Without mandamus, defendants such as VTech may be left with the inadequate remedy of waiting until final judgment to correct indisputable errors. TS Tech, 551 F.3d at 1322. With that said, however, mandamus relief in § 1404(a) cases is solely reserved for circumstances where the petitioner can demonstrate that the denial of transfer was a "clear" abuse of discretion such that refusing transfer produced a

2009-M909

- 2 -

"patently erroneous result." Volkswagen, 545 F.3d at 310.* A suggestion that the district court abused its discretion, which might warrant reversal on a direct appeal, is not a sufficient showing for mandamus relief. Id. Unless it is clear that the facts and circumstances are without any basis for a judgment of discretion, we will not proceed further in a mandamus petition to examine the district court's decision. Volkswagen, 545 F.3d at 317 n.7 (citing McGraw-Edison Co. v. Van Pelt, 350 F.2d 361, 363 (8th Cir. 1965)). In other words, we will deny a petition "[i]f the facts and circumstances are rationally capable of providing reasons for what the district court has done." Volkswagen, 545 F.3d at 317 n.7; see also In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985) (noting that "if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus").

VTech takes issue with the trial court's conclusion that transfer is improper because of the trial court's familiarity with the case and the completion of claim construction. VTech contends that the familiarity is due solely to the trial court's delay in deciding the transfer motion, which VTech asserts is contrary to the Fifth Circuit's ruling in In re Horseshoe Entertainment, 337 F.3d 429 (5th Cir. 2003).

---

\* Under Fifth Circuit law, mandamus may issue only upon a showing that the facts and circumstances underlying the district court's application of the public and private forum non conveniens factors[1] are not rationally capable of providing reasons for the district court's decision, i.e., the district court reached a "patently erroneous" result or committed a "clear" abuse of discretion. Volkswagen, 545 F.3d at 312. The "private" interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981). The "public" interest factors to be considered are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law. Volkswagen, 545 F.3d at 315.

2009-M909

- 3 -

VTech's contention that the district court's familiarity with the case is of its own doing is to no avail. It was incumbent upon VTech to actively and promptly pursue its motion to transfer venue before the district court invested considerable time and attention on discovery and completing claim construction.

Although there may have been some delay, we do not read Horseshoe as precluding the district court from considering its investment and familiarity with the case when determining the prudence of transfer. Horseshoe stands for the proposition that vague generalities related to the possibility of delay caused by granting a transfer are not proper considerations. Id. at 433-34. Contrastingly, the advanced stage of discovery and the completion of claim construction are proper considerations that weigh against transfer in the circumstances of this case.

VTech also contends that this case is like Genentech, in which we rejected the district court's central proximity rationale and instead directed the court to transfer to a venue that was far more convenient for a substantial amount of the witnesses and sources of proof. In Genentech, however, there was absolutely no relevant connection between the case and the Eastern District of Texas. In this case, on the other hand, the district court explained that there was at least one identified non-party witness who was a resident of the Eastern District of Texas. Although VTech challenges the likelihood of this witness actually testifying, Motorola has not ruled out calling the witness at trial. In Genentech, there were no witnesses in Texas. Therefore, we cannot say that the district court clearly and indisputably erred in considering this fact together with the fact that it had completed claim construction and reached an advanced stage of discovery. The district court also explained that VTech's San Antonio, Texas distribution facility

2009-M909

- 4 -

may likely contain relevant documents regarding the marketing of the accused products and that some witnesses are closer to Texas than Oregon. In light of the particular circumstances, the amount of work that the district court has already done on the case, and the presence of an identified witness in the Eastern District of Texas, the facts are rationally capable of providing reasons for what the district court has done. Volkswagen, 545 F.3d at 317, n.7. Thus, VTech has not met the difficult burden to obtain mandamus relief, which would interfere with the approaching trial date.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  The motion for leave to file a reply is granted.

FOR THE COURT

JAN 0 6 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Timothy J. Malloy, Esq.
     Jesse J. Jenner, Esq.
     Judge, USDC E.D. Tex.
     Clerk, USDC E.D. Tex.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 06 2010

JAN HORBALY
CLERK

2009-M909